CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

LOUISIANA

SUIT NO. 2014-11807                                         DIVISION: A-15

FILED

2014 DEC 12 P 3:27

CIVIL
DISTRICT COURT

JACQUELYN GRAULTY

VERSUS

DR. SUSAN JEANFREAU, FLEUR DE LIS OB/GYN ASSOCIATES, LLC, BIO-REFERENCE LABORATORIES, INC., AND LABORATORY CORPORATION OF AMERICA

FILED: _____        _____
                                            DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, Jacquelyn Graulty, a person of the full age of majority and resident of Alleghany County, Pennsylvania who alleges the following upon information and belief:

### PARTIES

1.

Made defendants herein are the following parties:

A.  **DR. SUSAN JEANFREAU**, a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana;

B.  **FLEUR DE LIS OB/GYN ASSOCIATES, LLC**, a domestic corporation, not currently licensed to do, but doing business in Louisiana, domiciled at 2820 Napoleon Avenue Suite 340, New Orleans, Louisiana, in the Parish of Orleans, State of Louisiana;

C.  **BIO-REFERENCE LABORATORIES, INC.**, is a foreign corporation, not licensed to do, but doing business in Louisiana. Defendant Bio-reference Laboratories, Inc. is a diagnostic laboratory, testing, information and services company organized, existing and doing business under and by virtue of the laws of the State of New Jersey, with its principal place of business at 481 Edward H. Ross Dr., Elmwood Park, New Jersey 07407. GenPath Diagnostics is a wholly owned business unit of Bio-Reference Laboraoties, Inc.

E.  **LABORATORY CORPORATION OF AMERICA**, ("LabCorp") is a foreign corporation, licensed to do, and doing business in Louisiana. Defendant LabCorp is a diagnostic laboratory, testing, information and services company organized,

1



existing and doing business under and by virtue of the laws of the State of Delaware, with its principle place of business in Louisiana in Orleans Parish at 1716 Saint Charles Avenue, New Orleans, LA 70130.

2.

Dr. Susan Jeanfreau and Fleur De Lis OB/GYN Associates, LLC will be collectively referred to herein as "Medical Negligence Defendants."

3.

Bio-Reference Laboratories, Inc. and Laboratory Corporation of America will be collectively referred to herein as "Lab Defendants."

4.

Plaintiff, Jacquelyn Graulty, is an adult who formerly resided in Orleans Parish, but currently resides in Lake Sewickley, Pennsylvania.

5.

Venue is proper in Orleans Parish pursuant to La. Code Civ. Proc. Ann. Art. 42.

6.

This court has jurisdiction over this matter, and this action is not removable under 28 U.S.C. § 1441(b).

7.

This is an action to recover damages for injuries sustained by Petitioner, as the direct and proximate result of the wrongful conduct and medical negligence of Dr. Susan Jeanfreau and Fleur de Lis OB/GYN Associates, LLC, and the independent wrongful conduct of the Lab Defendants in connection with the preparation, diagnostic testing, reporting, and slide and sample retention, all in failure to properly diagnose Petitioner, Jacquelyn Graulty, with cervical cancer.

8.

At all relevant times, the Lab Defendants transacted and conducted business in the State of Louisiana, derived substantial revenue from the State of Louisiana through interstate commerce, and continue to do so.

9.

At all relevant times, the Lab Defendants expected or should have expected that their actions or omissions would have consequences within the United States of America, and in Orleans Parish in the State of Louisiana.

**FACTUAL ALLEGATIONS**

10.

The essence of this claim is that the Medical Negligence defendants ignored the signs and symptoms of cervical and/or endometrial cancer, despite the efforts of petitioner to seek a proper and accurate diagnosis, and thus she was denied a prompt referral for treatment for gynecological cancer.

11.

As a result, Petitioner suffered from an advanced stage of cancer when it was finally discovered, and underwent surgery, chemotherapy, and radiation. Ms. Graulty was 30 years old when she had to have her uterus and ovaries removed, rendering her unable to have biological children.

12.

The Lab Defendants were negligent in preparing, testing, reading, reviewing, analyzing, categorizing, reporting, and storing Petitioner's Pap smear slides.

13.

Ms. Graulty treated at the Fleur de Lis OB/GYN Associates LLC beginning on or about 2008.

14.

On November 11, 2008, Ms. Graulty presented to Fleur De Lis clinic complaining of a possible bacterial infection. Dr. Jeanfreau took a Pap smear during her examination of Ms. Graulty. The Pap smear was sent to and processed by Labcorp, who reported abnormal results.

15.

On November 11, 2008, LabCorp reported Ms. Graulty's Pap smear diagnosis as epithelial cell abnormality, atypical squamous cells of undetermined significance.

16.

On December 8, 2008, Ms. Graulty returned to the Fleur De Lis clinic, where Dr. Jeanfreau took a cervical biopsy and endocervix curettage of Ms. Graulty. These samples were sent to LabCorp.

17.

On December 22, 2008, LabCorp reported a diagnosis of the cervical biopsy as focal mild dysplasia and HPB associated change, and the endocervix curettage as endocervical mucosa with no significant hostpathologic abnormality. LabCorp further commented that there was no HPV effect, glandular atypia or dysplasia in the curettage, and that the findings in the cervical biopsy are not inconsistent with the most recent Pap smear, compatible with ASCUS.

18.

On December 18, 2008, Dr. Jeanfreau performed a colposcopy on Ms. Graulty, and diagnosed her as having cervical intra-epithelical neoplasive I ("CIN I").

19.

On September 3, 2009 Ms. Graulty returned to Fleur De Lis clinic complaining of abnormal vaginal bleeding. Dr. Jeanfreau changed Ms. Graulty's birth control medication and took the Pap smear. The Pap smear was sent to and processed by LabCorp, who reported normal results, that there was no intraepithelial lesion or malignancy.

20.

On January 19, 2012 Ms. Graulty presented to the Fleur De Lis clinic complaining of abnormal vaginal bleeding. Dr. Jeanfreau changed Ms. Graulty's birth control medication, took the Pap smear, and ordered a pelvic ultrasound. The Pap smear was sent to and processed by Genpath, a wholly owned business unit of Defendant, Bio-Reference Laboratories, Inc., who reported normal results, that there was no intraepithelial lesion or malignancy. The pelvic ultrasound showed indistinct appearance of the endometrium and recommended clinical correlation for diffuse adenomyosis.

21.

On January 23, 2012, and again on April 23, 2012, Ms. Graulty had follow-up visits with Dr. Jeanfreau, whose only treatment was to administer Depo Provera shots.

22.

On July 16, 2012, Ms. Graulty returned to Fleur De Lis clinic complaining of abnormal bleeding. Dr. Jeanfreau changed her from Depo Provera to an oral birth control pill.

23.

On July 15, 2013, Ms. Graulty, who had recently moved from New Orleans to Lane Sewickly, Pennsylvania, established as a new patient with Dr. Kerri McIntyre. On July 29, 2013 Ms. Graulty presented to Dr. McIntrye complaining of abnormal vaginal bleeding. Dr. McIntyre discontinued Ms. Graulty's oral birth control pills and ordered an ultrasound, and blood tests.

24.

On October 29, 2013, Ms. Graulty presented to Dr. McIntyre still complaining of abnormal vaginal bleeding with discharge and odor. Dr. McIntyre prescribed antibiotics and ordered an ultrasound. The ultrasound showed a thickened endometrium.

25.

On November 12, 2013, Ms. Graulty underwent a preoperative visit with Dr. McIntyre, who performed a dilation and curettage on December 11, 2013.

26.

On December13, 2013, Dr. McIntyre informed Ms. Graulty that she had endometrial carcinoma, high grade endometriod with serous component, and would need to undergo a complete hysterectomy, plus chemotherapy and radiation therapy.

27.

On January 10, 2014, Ms. Graulty underwent a total abdominal hysterectomy by Dr. Thomas C. Krivak. Ms. Graulty's diagnosis was stage 1A grade 3 papillary serous endometrial carcinoma with squamous differentiation and endometroid G2 component involving forty percent of myometrium. Ms. Graulty subsequently underwent chemotherapy and radiation treatments.

28.

As a direct and proximate result of the aforesaid acts of and/or omissions by the Defendants, Petitioner has:

    (a)    Suffered severe and permanent injuries;

    (b)    Suffered physical pain and suffering;

(c)   Suffered mental pain and suffering;

(d)   Suffered loss of consortium;

(e)   Suffered from loss of enjoyment of life;

(f)   Suffered lost wages, past and future;

(g)   Incurred various sums of money for past and future medical expenses;

(h)   Incurred attorney's fees and expenses of litigation related to this action;

(i)   All hedonic damages; and

(j)   All other damages available under the law.

29.

The Defendants' actions were intentional, willful, wanton, oppressive, malicious, and reckless, evidencing such an entire want of care as to raise the presumption of a conscious indifference to the consequences and acted only out of self interest and personal gain and evidenced a specific intent to cause harm to Petitioner.

30.

The aforementioned conduct, action or inaction plead herein, caused serious bodily injury to Petitioner, Ms. Graulty, in the nature of mental and physical pain and suffering, medical expenses, loss of earnings and impairment of earning capacity, loss of enjoyment of life and all other damages recoverable under law all for which petitioners are entitled to sue and recover for pursuant to Louisiana Civil Code Articles 2315 and 2316.

31.

The aforementioned conduct, action or inaction plead herein, caused serious bodily injury to Petitioner, Ms. Graulty, in the nature of loss of consortium, loss of enjoyment of life and all other damages recoverable under law all for which petitioners are entitled to sue and recover for pursuant to Louisiana Civil Code Articles 2315 and 2316.

<u>**COUNT ONE**</u>
<u>**NEGLIGENCE**</u>
(against the Lab Defendants)

32.

Petitioner hereby restates and re-alleges each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

33.

The Lab Defendants are under a duty to ensure that their laboratory tests and services are accurately performed and reported.

34.

The Lab Defendants failed to ensure Petitioner's Pap smear tests, results, and reporting were accurate and adequate and breached this duty.

35.

Petitioner's serious injuries as described above, came about as a foreseeable and proximate result of the Lab Defendants' failure to accurately test, analyze, read and report Ms. Graulty's Pap smear tests.

36.

As a proximate result of the negligence of the Lab Defendants, Petitioner sustained injuries and damages as described herein.

## COUNT TWO
## MEDICAL NEGLIGENCE
(against the Medical Negligence Defendants)

37.

Petitioner hereby restates and re-alleges each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

38.

In addition to the Lab Defendants' actions, the above described facts evidence medical malpractice by the Medical Negligence Defendants, said negligence is listed as follows:

A.  Dr. Susan Jeanfreau

   1. Failure to use due care in treating Petitioner;
   2. Failure to timely and properly diagnosis Petitioner's cancer;
   3. Failure to timely and properly monitor the care of Petitioner;
   4. Failure to timely and properly supervise the care of Petitioner;
   5. Failure to timely order the appropriate medical examinations to treat Petitioner's medical condition;
   6. Other acts of medical negligence to be shown at trial.

B.  Fleur de Lis OB/GYN Associates, LLC

   1. Failure to use due care in treating Petitioner;

7

2. Failure to timely and properly diagnosis Petitioner's medical condition;

3. Failure to timely and properly monitor the care of Petitioner;

4. Failure to timely and properly supervise the care of Petitioner;

5. Failure to timely order the appropriate medical examinations to treat Petitioner's medical condition;

6. Defendant Fleur De Lis Ob/GYN Associates, LLC is also vicariously liable for the actions and inactions of Dr. Susan Jeanfreau pursuant to the doctrine of *respondeat superior*.

7. Other acts of medical negligence to be shown at trial.

39.

Petitioner itemizes her damages as follows:

A. Physical pain and suffering, past, present and future;

B. Mental anguish and suffering, past, present and future;

C. Medical bills, past, present and future;

D. Loss of enjoyment of life;

E. All hedonic damages;

F. All other damages considered reasonable under the premises and available under the law.

40.

The Medical Negligence Defendants are liable for the negligent acts described herein.

41.

The aforementioned negligent acts of the Medical Negligence Defendants caused serious bodily injury to Petitioner in the nature of mental and physical pain and suffering, medical expenses, loss of earnings and impairment of earning capacity, loss of enjoyment of life, and all other damages recoverable under law all for which petitioners are entitled to sue and recover for pursuant to Louisiana Civil Code Articles 2315 and 2316.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays:

a) that process issue according to law;

b) that the Defendants be served with a copy of this Petition for Damages and show cause why the prayers for relief requested by Petitioner should not be granted;

c) that Petitioner be granted a trial by jury in this matter;

d) that the Court enter judgment against the Defendants, jointly and severally, for all general and compensatory damages allowable to Petitioner;

e) that the Court enter judgment against the Defendants for all hedonic and general damages allowable to Petitioner;

f) that the Court enter judgment against the Defendants for all other special damages allowable to Petitioner;

g) that the Court enter judgment against the Defendants for all other relief sought by Petitioner under this Complaint;

h) that the Court render judgment in favor of the Petitioner, awarding all damages as prayed for herein, including attorneys' fees, with all costs assessed against the Defendants and judicial interest assessed against the Lab Defendants and the Medical Negligence defendants from the date of judicial demand and the date of filing the request for review respectively;

i) that the Court grants Petitioner such other and further relief to which the Court deems just and appropriate.

Dated: December 12, 2014

*[signature]*
Douglas R. Plymale (La. Bar No. 28409)
drplymale@plymalelawfirm.com
**PLYMALE LAW FIRM**
201 St. Charles Ave, Suite 2500
New Orleans, LA 70170
Telephone:   (504) 355-0092
Facsimile:   (504) 662-3801

Jeffrey A. Mitchell (La. Bar No.19711)
jmitchell@cochranfirm.com
Richard C. Ely, Jr. (La. Bar No.25662)
rely@cochranfirm.com
**THE COCHRAN FIRM METAIRIE, L.L.C.**
One Galleria Boulevard, Suite 2130
Metairie, Louisiana 70001
Telephone:   (504) 309-5000
Facsimile:   (504) 309-5007

*Attorneys for Petitioner Jacquelyn Graulty*

A TRUE COPY
*[signature]* Kenneth [illegible]
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

*Sheriff Please serve:*

Dr. Susan Jeanfreau
2820 Napoleon Avenue, Suite 340
New Orleans, LA 70115

Fleur de Lis OB/GYN Associates, LLC
Through its Registered Agent for Service
Mark S. Stein
701 Poydras St., Ste. 3600
New Orleans, LA 70139

Laboratory Corporation of America
Through its Registered Agent for Service:
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA  70802-6129

**Via Long-Arm Service**

Bio-Reference Laboratories, Inc.
481 Edward H. Ross Dr.
Elmwood Park, NJ  07407

ATTORNEY'S NAME: Plymale, Douglas  28409
AND ADDRESS:    650 Poydras St., Suite 2150
                New Orleans   LA 70130

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO:   2014 -- 11807    3    DIVISION: A                    SECTION: 15

GRAULTY, JACQUELYN versus JEANFREAU, SUSAN DR. ET AL

### CITATION

TO: FLEUR DE LIS OB/GYN ASSOCIATES, LLC
    THROUGH: ITS REGISTERED AGENT FOR SERVICE: MARK S. STEIN
    701 POYDRAS ST.
    STE. 3600
    NEW ORLEANS              LA    70139

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the petition
FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.
**********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA    December 12, 2014    .

Clerk's Office, Room 402, Civil Courts         DALE N. ATKINS, Clerk of
421 Loyola Avenue                              The Civil District Court
New Orleans, LA                                for the Parish of Orleans
                                               State of LA
                                               by _____
                                                         Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this  17  day of  Dec  , 2014 served a copy of the w/i petition FOR DAMAGES | On this _____ day of _____ served a copy of the w/i petition FOR DAMAGES |
| On FLEUR DE LIS OB/GYN ASSOCIATES, LLC  (11:51 AM)  THROUGH: ITS REGISTERED AGENT FOR SERVICE: MARK S. STEIN | On FLEUR DE LIS OB/GYN ASSOCIATES, LLC  THROUGH: ITS REGISTERED AGENT FOR SERVICE: MARK S. STEIN by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said _____ FLEUR DE LIS OB/GYN ASSOCIATES, LLC |
| Returned same day _____ No. _____ Deputy Sheriff of _____ Mileage: $_____ | being absent from the domicile at time of said service. Returned same day No. _____ Deputy Sheriff of _____ |

_____ / ENTERED / _____
PAPER              RETURN
_____ / _____ / _____
SERIAL NO.  DEPUTY   PARISH




**ATTORNEY'S NAME:** Plymale, Douglas 28409
**AND ADDRESS:** 650 Poydras St., Suite 2150
New Orleans   LA 70130

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO:   2014 -- 11807   1   DIVISION: A   SECTION: 15

GRAULTY, JACQUELYN versus JEANFREAU, SUSAN DR. ET AL

## CITATION

**TO:** DR. SUSAN JEANFREAU
THROUGH:
2820 NAPOLEON AVENUE
SUITE 340
NEW ORLEANS   LA   70115

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the petition
FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

### ADDITIONAL INFORMATION
Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.

*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA   December 12, 2014   .

Clerk's Office, Room 402, Civil Courts           DALE N. ATKINS, Clerk of
421 Loyola Avenue                                 The Civil District Court
New Orleans, LA                                   for the Parish of Orleans
                                                  State of LA
                                                  by _____ Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _19_ day of _DEC-14_ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FOR DAMAGES | FOR DAMAGES |
| On DR. SUSAN JEANFREAU | On DR. SUSAN JEANFREAU |
| THROUGH: | THROUGH: |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said _____ DR. SUSAN JEANFREAU |
| Returned same day   No. _512_ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | being absent from the domicile at time of said service. Returned same day   No. _____ Deputy Sheriff of _____ |

_____ / ENTERED / _____
PAPER     RETURN
SERIAL NO.   DEPUTY   PARISH

12-3 VERIFIED
Merlin M. Jackson 12/23/14

ATTORNEY'S NAME: Plymale, Douglas  28409
AND ADDRESS: 650 Poydras St., Suite 2150
New Orleans  LA  70130

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO:  2014 -- 11807  4  DIVISION: A  SECTION: 15

GRAULTY, JACQUELYN versus JEANFREAU, SUSAN DR. ET AL

## CITATION

TO: LABORATORY CORPORATION OF AMERICA
THROUGH: ITS REGISTERED AGENT FOR SERVICE: CORPORATION SERVICE COMPANY
320 SOMERULOS ST.

BATON ROUGE  LA  70802-6129

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the petition
FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.

*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA   December 12, 2014

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

DEC 3 0 2014

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA

by _____
Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ___ day of ___ | On this ___ day of ___ |
| ___ served a copy of the w/i petition | ___ served a copy of the w/i petition |
| FOR DAMAGES | FOR DAMAGES |
| On  LABORATORY CORPORATION OF AMERICA | On  LABORATORY CORPORATION OF AMERICA |
| THROUGH: ITS REGISTERED AGENT FOR SERVICE: CORPORATION SERVICE COMPANY | THROUGH: ITS REGISTERED AGENT FOR SERVICE: CORPORATION SERVICE COMPANY |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of ___ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said LABORATORY CORPORATION OF AMERICA being absent from the domicile at time of said service. |
| Returned same day ___ No. ___ | Returned same day ___ No. ___ |
| Deputy Sheriff of ___ Mileage: $___ | Deputy Sheriff of ___ |
| ___ / ENTERED / ___ PAPER ___ / ___ / ___ RETURN SERIAL NO. DEPUTY PARISH | |

Received stamps: DEC 31 2014; made service on the named party through Corporation Services by tendering a copy of this document to PAULA GLASER; Parish of East Baton Rouge, Louisiana

1/8/15

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2014-11807          DIVISION: A          SECTION: 15

JACQUELYN GRAULTY

VERSUS

DR. SUSAN JEANFREAU, FLEUR DE LIS OB/GYN ASSOCIATES, LLC, BIO-REFERENCE LABORATORIES, INC., AND LABORATORY CORPORATION OF AMERICA

FILED: _____          _____
                                                 DEPUTY CLERK

FILED 2015 JAN 13 P 2:00 CIVIL

### FIRST MOTION AND ORDER FOR EXTENSION OF TIME WITHIN WHICH TO PLEAD

**ON MOTION** of defendant, Laboratory Corporation of America, and on suggesting to the Court that counsel will require additional time to investigate this matter before filing a response, and on further suggesting that no prior extension of time has been sought, and no objection to an extension of time has been served,

### ORDER

**IT IS HEREBY ORDERED** that defendant, Laboratory Corporation of America, be and is hereby granted an additional thirty (30) days, or until February 18, 2015, within which to respond to the Petition for Damages herein.

New Orleans, Louisiana, this 13th day of January, 2015.

_____
JUDGE
(Sgd.) Sidney H. Cates, IV

Respectfully submitted,

_____
BRENT A. TALBOT (#19174), T.A.
LORETTA O. HOSKINS (#30558)
  -of-
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 544-6095
*Attorneys for Laboratory Corporation Of America*

JAN 1 4 2015
ENTERED ON MINUTES

2400340-1

**CERTIFICATE OF SERVICE**

FILED
2015 JAN 13 P 2:00

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by U.S. mail, postage prepaid and properly addressed, this 13th day of January, 2015.

*[signature]*