UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACQUELYN GRAULTY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15–236** |
| **SUSAN JEANFREAU, ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 26). For the following reasons, the Motion is DENIED, and Plaintiffs claims against Dr. Susan Jeanfreau and Fleur De Lis OB/GYN Associates, LLC ("Fleur De Lis") are DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

Plaintiff filed this suit in Louisiana state court asserting medical malpractice claims against Defendants Dr. Jeanfreau and Fleur De Lis and negligence claims against Defendants Bio-Reference Laboratories, Inc. and Laboratory Corporation of America ("The Lab Defendants"). Plaintiff claims

1

that she visited Dr. Jeanfreau, a gynecologist employed by Fleur De Lis, on several occasions. Plaintiff alleges that, during these visits, she complained of various symptoms that should have alerted Dr. Jeanfreau to the possibility that she had cervical cancer but that she was not diagnosed with cancer until she moved to Pennsylvania and began seeing a new gynecologist. Plaintiff alleges that Dr. Jeanfreau ordered several tests (including a pap smear and a biopsy) that should have revealed her cancer but that the Lab Defendants negligently failed to detect the presence of cancer when the samples were tested.

After Plaintiff filed suit, the Lab Defendants removed the case to this Court on the basis of diversity. The Lab Defendants admitted in the Notice of Removal that removal would not ordinarily be permitted in this case because both Dr. Jeanfreau and Fleur De Lis are citizens of the forum state, here Louisiana.[1] The Lab Defendants contend, however, that Dr. Jeanfreau and Fleur De Lis's citizenship should be disregarded because they were improperly joined to this suit. Plaintiff promptly filed this Motion to Remand.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that

---

[1] *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis [diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

[2] 28 U.S.C. § 1441(a).

removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

## LAW AND ANALYSIS

Plaintiff raises two interdependent issues. First, Plaintiff argues that the removal is procedurally defective because neither Dr. Jeanfreau or Fleur De Lis consented to the removal. Second, Plaintiff challenges Defendants' allegation that Dr. Jeanfreau and Fleur De Lis were improperly joined in this action. While it is true that Dr. Jeanfreau and Fleur De Lis did not consent to the removal, improperly joined defendants need not consent to a removal.[6] Therefore, this Motion presents only one issue: whether Dr. Jeanfreau and Fleur De Lis were properly joined to this action. If they were, the removal was improper and the Court must remand the case. If not, the Court must deny Plaintiff's Motion.

Generally, there are "two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[7] In this

---

[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[4] *Id.*
[5] *Id.*
[6] *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).
[7] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*).

case, only the second situation is alleged.  The Lab Defendants argue that, pursuant to the Louisiana Medical Malpractice Act ("LMMA"), a plaintiff must bring her case before a medical review panel before filing suit.  Defendants contend that the medical review panel has not completed its review of Plaintiff's case and thus her claims against Dr. Jeanfreau and Fleur De Lis are premature under Louisiana law.  Plaintiff concedes that she is required to bring her case before the medical review panel but argues that her failure to do so does not necessarily mean that she is unable to establish a cause of action against  Dr. Jeanfreau and Fleur De Lis.  Instead, she argues that, once the panel completes its review, she will be free to file suit against them.  Essentially, she argues that Dr. Jeanfreau and Fleur De Lis are not improperly joined now because she will be able to establish a cause of action against them in the near future.

Prior to 2005, this Court routinely remanded cases based on arguments similar to that raised by Plaintiff here.[8]  That trend came to a halt in 2005 after the Fifth Circuit's decision in *Melder v. Allstate Corp.*[9]  In *Melder*, the Fifth Circuit held that a defendant was improperly joined if a plaintiff was required to exhaust his administrative remedies against that defendant prior to filing suit but failed to do so.[10]  Since *Melder*, the federal courts of Louisiana have held with near uniformity that, where a plaintiff sues a defendant pursuant to the LMMA before the medical review panel process has been completed, that defendant is

---

[8] *See, e.g.*, *Doe v. Cutter Biological*, 774 F. Supp. 1001, 1005 (E.D. La. 1991); *Perry v. McNulty*, 794 F. Supp. 606, 607 (E.D. La. 1992); *Duffy v. Pendleton Mem'l Methodists Hosp.*, No. 98–977, 1998 WL 273114, at *2 (E.D. La. May 28, 1998).

[9] 404 F.3d 328 (5th Cir. 2005).

[10] *Id.* at 332.

improperly joined for removal purposes.[11] Accordingly, the Court concludes that Dr. Jeanfreau and Fleur De Lis are improperly joined. Because they were improperly joined, they are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED, and Plaintiff's claims against Dr. Jeanfreau and Fleur De Lis are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 8th day of May, 2015.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[11] *See, e.g.*, *Malbroux v. Am. Med. Sys. Inc.*, No. 11–0421, 2011 WL 2148417, at *1 (W.D. La. May 31, 2011); *Esposito v. Ethicon, Inc.*, No. 11–207, 2011 WL 2883067, at *3 (M.D. La. June 13, 2011); *Senia v. Pfizer, Inc.*, No. 06–1997, 2006 WL 1560747, at *3 (E.D. La. May 23, 2006).